UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOY RAHAMAN,

    Plaintiff,                       Case No. 20-11628
                                        District Judge Judith E. Levy
v.                                 Magistrate Judge R. Steven Whalen

AMERICAN CONNECT FAMILY
PROP AND CAS INS.,

    Defendant.
_____/

**REPORT AND RECOMMENDATION**

Plaintiff Joy Rahaman filed a Complaint in this Court on June 7, 2020 challenging an arbitration award in her Michigan No-Fault PIP state court case pertaining to a September, 2016 car accident. The present action includes the claims of breach of contract, fraud, intentional infliction of emotion distress ("IIED"), and defamation, as well as violations of the Americans With Disabilities Act ("ADA"), the Federal Arbitration Act ("FAA"), and 42 U.S.C. § 1985. Before the Court is Defendant's motion for partial summary judgment [ECF No. 21], which has been referred for a Report and Recommendation under 28 U.S.C. § 636(b)(1)(B). For the reasons discussed below, I recommend that the motion be GRANTED, and that Plaintiff's PIP claim and third-party negligence claim be

-1-

DISMISSED.

## I. FACTS

Plaintiff's Complaint against Defendant arises from her previous Michigan No-Fault lawsuit and Arbitration in the Wayne County Circuit Court. *Wayne County Circuit Court Case No.* 16-016070-NF. After parties went to Arbitration on the first-party PIP case, the arbitrators issued an award based on Plaintiff's past, present, and future No-Fault benefits. Plaintiff, proceeding *pro se*, alleges irregularities in the state court arbitration process. Plaintiff also had a separate third-party negligence case in state court, which she settled. In addition to the breach of contract, ADA, and other claims noted above, the present complaint can also be fairly read to include both the first-party and third-party no-fault claims. *See Complaint*, ECF No. 1, ¶¶ 5-6, 10-12, 43-50, 54 (first-party PIP allegations); *Id.*, ¶¶ 7, 12, 59-61, 100-104 (third-party negligence allegations).

In the state first-party PIP proceedings, the parties agreed to arbitration, and Plaintiff was given an arbitration award of $130,000, in payment of all past, present, and future no-fault claims.[1] Defendant moved in state Circuit Court to vacate the arbitration award. The Court denied that motion, and granted

---

[1] The Arbitration Award is appended to Defendant's motion as Exhibit 3. ECF No. 21-4, PageID.554-555. The release of PIP claims, which Plaintiff signed, is appended as Defendant's Exhibit 5, ECF No. 21-6, PageID.559-560.

Defendant's motion to confirm the arbitration award.[2] On November 24, 2020, the Michigan Court of Appeals affirmed the trial court's order. The Court of Appeals rejected the Plaintiff's arguments that her attorney did not have authority to bind her to the agreement to arbitrate; that the arbitration agreement was the product of fraudulent inducement; and that the trial court's decision to confirm the arbitration award deprived her of her constitutional right to a jury trial. ECF No. 30-2, PageID.961-965.

Plaintiff also settled the third-party negligence case for $20,000.[3] Plaintiff cashed the checks for both the PIP and the third-party case.

## II.  STANDARD OF REVIEW

Summary judgment is appropriate where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R.Civ.P. 56(c).  To prevail on a motion for summary judgment, the non-moving party must show sufficient evidence to create a genuine issue of material fact. *Klepper v. First American*

---

[2] *See* Circuit Court order, ECF No. 21-5, PageID.557-558.

[3] Defendant's Exhibit 11 is Plaintiff's release of claims in the third-party case. ECF No. 21-12, PageID.575-577.

*Bank*, 916 F.2d 337, 341-42 (6th Cir. 1990). Drawing all reasonable inferences in favor of the non-moving party, the Court must determine "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986). Entry of summary judgment is appropriate "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celetox Corp. v. Catrett*, 477 U.S. 317, 322 (1986). When the "record taken as a whole could not lead a rational trier of fact to find for the nonmoving party," there is no genuine issue of material fact, and summary judgment is appropriate. *Simmons-Harris v. Zelman*, 234 F.3d 945, 951 (6th Cir. 2000).

Once the moving party in a summary judgment motion identifies portions of the record which demonstrate the absence of a genuine dispute over material facts, the opposing party may not then "rely on the hope that the trier of fact will disbelieve the movant's denial of a disputed fact," but must make an affirmative evidentiary showing to defeat the motion. *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1479 (6th Cir. 1989). The non-moving party must identify specific facts in affidavits, depositions or other factual material showing "evidence on which the

jury could *reasonably* find for the plaintiff." *Anderson*, 477 U.S. at 252 (emphasis added). If the non-moving party cannot meet that burden, summary judgment is proper. *Celotex Corp.*, 477 U.S. at 322-23.

### III. DISCUSSION

In this motion for partial summary judgment, Defendant's argument are restricted to Plaintiff's first-party PIP claim and third-party negligence claim.[4]

### A. The First-Party PIP Claim

Defendant seeks dismissal of the PIP claim on the basis of res judicata. In *Exxon Mobil Corp. v. Saudi Basic Industries Corp.*, 544 U.S. 280, 293 (2005), the Supreme Court noted that the " 'Full Faith and Credit Act ... requires the federal court to give the same preclusive effect to a state-court judgment as another court of that State would give.' " ( quoting *Parson Steel Inc. v. First Alabama Bank*, 474 U.S. 518, 523 (1986)). Michigan has adopted a broad application of the doctrine of res judicata which bars not only claims actually litigated in the prior action, but all claims arising out of the same transaction that the parties, exercising reasonable diligence, could have raised in the prior action but did not. *Limbach v. Oakland County Bd of County Road Comm'r*, 226 Mich. App. 389, 396, 573 N.W.2d 336

---

[4] Defendant seeks dismissal of Plaintiff's other claims by separate motion. *See Motion to Dismiss*, ECF No. 22.

(1997).

Application of the doctrine of res judicata in Michigan requires that (1) the first action be decided on its merits, (2) the matter being litigated in the second case was or could have been resolved in the first case, and (3) both actions involved the same parties or their privies. *ABB Paint Finishing, Inc. v. National Union Fire Ins.*, 223 Mich. App. 559, 562, 567 N.W.2d 456 (1997) (1997). "The test for determining whether two claims are identical for res judicata purposes is whether the same facts or evidence are essential to the maintenance of the two claims," *Huggett v. Dep't of Natural Resources*, 232 Mich. App. 188, 197, 590 N.W.2d 747 (1998), not whether the grounds asserted for relief are the same. *Jones v. State Farm Ins. Co.*, 202 Mich. App. 393, 401, 509 N.W.2d 829 (1993), mod'f on other grounds, *Patterson v. Kleiman*, 447 Mich. 429, 433 n.3 (1994).

The Wayne County Circuit Court's stipulated order of dismissal with prejudice of Plaintiff's claim[5] is a final judgment on the merits. In *Limbach*, 226 Mich.App. at 395, the Michigan Court of Appeals held that "[a] voluntary dismissal with prejudice is a final judgment on the merits for res judicata purposes," and such "dismissal acts as res judicata with respect to all claims that could have been raised in the first action." In addition, the Court of Appeals

---

[5] Defendant's Exhibit 6, ECF No. 21-7, PageID.562-563.

rejected Plaintiff's challenge to the arbitration award, and affirmed the Circuit Court's order. Defendant has satisfied the first prong of the test for res judicata.

As to the second prong, the Plaintiff's PIP claim in this case, and her challenge to the arbitration process, were resolved in the state court by the trial court's order denying Plaintiff's motion to vacate the arbitration award, and the Court of Appeal's affirmance of that decision. And as to the third prong, the present action involves the same parties as the state court action.

"The doctrine of res judicata is intended to relieve parties of the cost and vexation of multiple lawsuits, conserve judicial resources, and encourage reliance on adjudication, that is, to foster the finality of litigation." *Begin v. Mich. Bell Telephone Co.*, 284 Mich.App. 581, 598, 773 N.W.2d 271 (2009), overruled on other grounds by *Admire v. Auto-Owners Ins. Co.*, 494 Mich. 10, 831 N.W.2d 849 (2013). The PIP claim in this complaint meets all three factors for applying res judicata, and should be dismissed with prejudice.

### B. The Third-Party Negligence Claim

Defendant insurer in this case was liable for, and pursuant to an arbitration award paid first-party PIP benefits to the Plaintiff. PIP benefits constitute payment for economic losses including "all reasonable charges incurred for reasonably necessary products, services and accommodations for an injured person's care,

recovery, or rehabilitation." M.C.L. § 500.3107(1)(a). A third-party negligence claim, on the other hand, is brought against a tortfeasor (i.e., the other party to the accident) and can result in non-economic damages, such as pain and suffering. By definition, such third-party requires a showing of negligence on the part of a tortfeasor. Thus, although a first-party and a third-party claim involve some overlap–for example, both arise out of the same motor vehicle accident–"there are also significant differences between the two types of claims." *Adam v. Bell*, 311 Mich. App. 528, 534, 879 N.W.2d 879, 882 (2015). Unlike a PIP action, a negligence action "involves compensation for past and future pain and suffering and other economic and noneconomic losses rather than compensation for immediate expenses related to the injured person's care and recovery." *Id*. at 535.

In this case, the Defendant insurer, who has paid PIP claims, cannot also be liable on Plaintiff's third-party claim because, quite simply, it is not a tortfeasor, and cannot be required to pay non-economic damages. And of course, the Plaintiff has resolved her third-party state negligence case.

## IV. CONCLUSION

I recommend that Defendant's motion for partial summary judgment [ECF No. 21] be GRANTED, and that Plaintiff's PIP claim and third-party negligence claim be DISMISSED.

Any objections to this Report and Recommendation must be filed within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. §636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Howard v. Secretary of HHS,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Secretary of HHS,* 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231,* 829 F.2d 1370, 1373 (6th Cir. 1987).

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than twenty (20) pages in length unless by motion and order such page limit is extended by the court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

                                              s/R. Steven Whalen
                                              R. STEVEN WHALEN
                                              UNITED STATES MAGISTRATE JUDGE

Dated: May 8, 2021

CERTIFICATE OF SERVICE

    I hereby certify that a copy of the foregoing document was sent to parties of record on May 8, 2021, electronically and/or by U.S. mail.

                                          s/Carolyn M. Ciesla
                                          Case Manager to the
                                          Hon. R. Steven Whalen