UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOY RAHAMAN,

    Plaintiff,

v.

AMERICAN CONNECT FAMILY
PROP AND CAS INS.,

    Defendant.
_____/

Civil Action No.: 20-cv-11628
Honorable Judith E. Levy
Magistrate Judge Elizabeth A. Stafford

**REPORT AND RECOMMENDATION TO GRANT DEFENDANT'S MOTION TO DISMISS [ECF NO. 22]**

### I.  Introduction

Plaintiff Joy Rahaman, proceeding *pro se*, sues the defendant insurance company,[1] alleging irregularities in the state court arbitration process related to her September 2016 car accident. ECF No. 1. Rahaman filed this action after (1) her challenge to the arbitration award failed in state court, (2) she signed a release of all her PIP claims in exchange for $130,000, and (3) she settled her negligence claim against the other driver in the accident for $20,000. ECF No. 21-5; ECF No. 21-6;

---

[1] Rahaman's complaint calls defendant American Connect Family Property & Casualty Insurance, but defendant says that its name is IDS Property Casualty Insurance Company and that it is improperly titled in the case caption. ECF No. 22, PageID.578.

ECF No. 21-7; ECF No. 21-12; ECF No. 30-2.  In other words, Rahaman seeks to relitigate the state court proceedings despite having accepted payments to settle them.

The Honorable Judith E. Levy referred the case to the undersigned for all pretrial matters under 28 U.S.C. § 636(b)(1).  ECF No. 33.  Defendant moves to dismiss Rahaman's complaint under Federal Rule of Civil Procedure 12(b)(6), and the briefing for the motion is complete.  ECF No. 22; ECF No. 23; ECF No. 27.  The motion should be granted.

## II. Background

Rahaman's complaint includes a laundry list of "claims" and "counts"—she uses both terms—including breach of contract, negligence, fraud, violation of her right to a jury trial, violation of the Americans with Disabilities Act (ADA) and Federal Arbitration Act (FAA), defamation, intentional infliction of emotional distress (IIED), and conspiracy.  ECF No. 1.  She claims that defendant refused to pay her insurance benefits, defamed her, and ruined her professional reputation by accusing her of fraud for three years.  *Id.*, PageID.10-11, ¶¶ 15, 17, 21.  Rahaman also alleges that her prior attorney conspired with defendant's attorney to defraud her of damages.  *Id.*, PageID.12, ¶ 20.

Rahaman states that defendant made false and fraudulent misrepresentations, deliberately changed information about her injuries in the pleadings, concealed her job acceptance letter in a facilitation brief, concealed hearing dates, and concealed information about the driver in her accident. *Id.*, PageID.12-15, ¶¶ 22-42. Rahaman alleges that she did not agree to arbitrate her claims and that the arbitration award was procured by fraud, that defendant concealed her medical records and matters about the arbitration agreement, and that defendant altered medical information and interrogatories. PageID.15-18, ¶¶ 43-44.

The arbitration panel awarded Rahaman $130,000. *Id.*, PageID.18, ¶ 43. Rahaman challenged the arbitration process, but Michigan Circuit Judge David Allen rejected her challenge and enter an order enforcing the arbitration award. ECF No. 21-5. Afterwards, Rahaman signed a release of her first-party PIP claim for $130,000. ECF No. 21-6. She also had signed a release to settle her third-party negligence claim for $20,000. ECF No. 21-6; ECF No. 21-12. Despite those signed releases, Rahaman alleges in her complaint that she was forced to surrender her coverage for future medical coverage and wage loss "against her own volition," and that she never waived her right to a jury trial. ECF No. 1, PageID.16, 19-20, ¶¶ 43, 47-49, 52.

Five months after Rahaman filed her complaint here, the Michigan Court of Appeals upheld Judge Allen's denial of her motion to vacate the arbitration agreement. ECF No. 30-2. The Court of Appeals found that Rahaman had not proven her claim of fraudulent inducement, and that her "claim that she was fraudulently induced into the arbitration agreement is inconsistent with her argument that she never agreed to arbitrate in the first place." *Id*., PageID.964.

### III. Scope of Order of Partial Summary Judgment

Judge Levy adopted a report and recommendation (R&R) by Magistrate Judge R. Steven Whalen to grant partial summary judgment on Rahaman's first-party PIP benefits and third-party negligence claims. ECF No. 32; ECF No. 35. The R&R did not specify the claims and counts that it addressed, and no claim or count is titled "PIP benefits" or "third-party negligence." ECF No. 32. So the Court must look to the R&R's reasoning to determine its scope.

First, Judge Whalen addressed defendant's argument that res judicata barred Rahaman's first-party PIP claim. ECF No. 32, PageID.973-975. He noted that "Michigan has adopted a broad application of the doctrine of res judicata which bars not only claims actually litigated in the prior action, but all claims arising out of the same transaction that the

parties, exercising reasonable diligence, could have raised in the prior action but did not." *Id.*, PageID.973 (citing *Limbach v. Oakland County Bd of County Road Comm'r*, 226 Mich. App. 389, 396 (1997)). Thus, "[a]pplication of the doctrine of res judicata in Michigan requires that (1) the first action be decided on its merits, (2) the matter being litigated in the second case was or could have been resolved in the first case, and (3) both actions involved the same parties or their privies." *Id.*, PageID.974 (citing *ABB Paint Finishing, Inc. v. National Union Fire Ins.*, 223 Mich. App. 559, 562 (1997)).

Addressing the first prong, Judge Whalen found that the Wayne County Circuit Court entry of a stipulated order of dismissal with prejudice was "a final judgment on the merit." *Id*. Next, Judge Whalen concluded that Rahaman's "PIP claim in this case, and her challenge to the arbitration process, were resolved in the state court by the trial court's order denying Plaintiff's motion to vacate the arbitration award, and the Court of Appeal's affirmance of that decision," and that the parties here are the same as in the state case. *Id.*, PageID.975. Thus, res judicata barred plaintiff's effort to relitigate her PIP claim. *Id.*

Judge Whalen explained that a claim for first-party PIP benefits relates to "payment for economic losses including 'all reasonable charges

5

incurred for reasonably necessary products, services and accommodations for an injured person's care, recovery, or rehabilitation.'" *Id*., PageID.975-976 (quoting M.C.L. § 500.3107(1)(a)).  In contrast, third-party claims are against a tortfeasor arising from a motor vehicle accident. *Id*., PageID.976 (citing *Adam v. Bell*, 311 Mich. App. 528, 534 (2015)).  "Unlike a PIP action, a negligence action 'involves compensation for past and future pain and suffering and other economic and noneconomic losses rather than compensation for immediate expenses related to the injured person's care and recovery.'" *Id*. (quoting *Adam*, 311 Mich. App. at 534).  Judge Whalen recommended summary judgment of Rahaman's third-party negligence claim because (1) defendant was not the tortfeasor and (2) Rahaman "has resolved her third-party state negligence case." *Id.*

With Judge Whalen's reasoning in mind, this Court interprets the order of partial summary judgment as covering these claims:

- "First Claim: Negligence," which requests the type of noneconomic and economic damages already adjudicated in her state court PIP and third-party negligence actions.  ECF No. 1, PageID.21-22.

- "Second Claim – Breach of Contract" and "Count I: Material Breach" because Rahaman cannot relitigate her entitlement to

6

PIP benefits under her contract with defendant. *Id*., PageID.22-25.

- "Count II: Bad Faith" and "Count III: Implied Covenant of Good Faith and Fair Dealing," because these counts refer to defendant's performance of its contractual obligations and request the type of noneconomic and economic damages already adjudicated in her state court PIP and third-party negligence actions. *Id*., PageID.25-27.[2]

- "Third-Claim – False Statements" and "Count I: Fraud Misrepresentation," because they relate to the validity of the arbitration process. *Id*., PageID.27-29. As Judge Whalen already found, Rahaman's "challenge to the arbitration process" was "resolved in the state court by the trial court's order denying Plaintiff's motion to vacate the arbitration award, and the Court of Appeal's affirmance of that decision." ECF No. 32, PageID.975. Another reason that these counts are covered by the order granting partial summary judgment is because they request the type of noneconomic and economic damages

---

[2] The Court also notes, "Michigan does not recognize a cause of action for breach of the implied covenant of good faith and fair dealing." *Fodale v. Waste Mgmt. of Michigan, Inc.*, 271 Mich. App. 11, 35 (2006).

already adjudicated in her state court PIP and third-party negligence actions.  ECF No. 1, PageID.27-29.

- "Fourth Claim-Violation of Persons with Disability," to the extent that Rahaman requests "reinstatement of all First party benefits."  *Id*., PageID.29-31.

- "Fifth Claim – Violation of 42 USC 12102 (2)(3)," because this claim requests damages for Rahaman's alleged serious physical injury under M.C.L. § 300.3135, the statute about third-party negligence claims against tortfeasors.  *Id*., PageID.31-32.

- "Sixth Claim-Violation of Title VI," in which Rahaman claims that she had a right to a jury trial, and "Seventh Claim-Violation of Federal Arbitration Act."  *Id*., PageID.32-34.  Rahaman's challenge to the arbitration process was resolved by the state courts.  ECF No. 32, PageID.975.

Rahaman's remaining claims should also be dismissed.

## IV. Remaining Claims

### A.

Defendant's motion to dismiss is a bit off the mark.  It repeatedly says that Rahaman "cannot prove" certain counts, but a motion to dismiss under

8

Rule 12(b)(6) tests a complaint's legal sufficiency, not what the plaintiff can prove. See *Mayer v. Mulod*, 988 F.2d 635, 638 (6th Cir. 1993).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The *Iqbal* Court explained, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* A claim must include "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft*, 550 U.S. at 678. "A pleading that offers 'labels and conclusions,'" "a formulaic recitation of the elements of a cause of action," or "naked assertions devoid of further factual enhancement" does not suffice. *Id*. (internal quotation marks, brackets, and citation omitted).

Pleadings filed by *pro se* litigants are entitled to a more liberal reading than would be afforded to formal pleadings drafted by lawyers, but such complaints still must plead a plausible claim for relief. *Thomas v. Eby*, 481 F.3d 434, 437 (6th Cir. 2007); *Davis v. Prison Health Services*, 679 F.3d 433, 437-38 (6th Cir. 2012).

None of Rahaman's remaining claims are plausible.

**B.**

As noted, the Court finds that part of Rahaman's "Fourth Claim- Violation of Persons with Disability" is covered by the order for partial summary judgment because she asks for reinstatement of her PIP claims. ECF No. 1, PageID.29-30. The remaining portion of this claim is not plausible, as she pleads no facts either in her "factual allegations" or within that claim that would support a finding that defendant violated any of her rights under the Americans with Disabilities Act (ADA), 42 U.S.C. § 12101, or the Rehabilitation Act, 29 U.S.C. § 794. *Id.*, PageID.6-21, 29-30. Rahaman says nothing to show that defendant is a "covered entity" under the ADA. § 12101 (The term "covered entity" means an employer, employment agency, labor organization, or joint labor-management committee.). Nor does she allege how the Rehabilitation Act applies. *Davis v. Flexman*, 109 F. Supp. 2d 776, 785 (S.D. Ohio 1999) (noting that "the Rehabilitation Act frequently has been applied to facilities providing medical treatment").

Rahaman also cites no facts to support her "Eighth Claim – Civil Conspiracy to Interfere with Civil Rights," "Nineth [sic] Claim – Intentional Misconduct," "Tenth Claim – Intentional Infliction of Emotional Distress," and "Eleventh Claim – Defamation." *Id.*, PageID.34-38.

10

Rahaman pleads her civil conspiracy claim under 42 U.S.C. § 1985, which must with factual specificity allege, among other factors, "that the alleged conspirators shared in the general conspiratorial objective to deprive the plaintiff of his constitutional or federal statutory rights." *Barkovic v. Att'y Grievance Comm'n*, 289 F. Supp. 3d 833, 843 (E.D. Mich. 2017). She does not allege a conspiracy to deprive her of her federal constitutional or statutory rights. ECF No. 1, PageID.34-35. Rahaman's intentional misconduct claim is made under 42 U.S.C. § 1791, the Bill Emerson Good Samaritan Food Donation Act, which protects people or gleaners from liability arising from food donations unless injury or death result from gross negligence or intentional misconduct. ECF No. 1, PageID.35-36. That statute has no application to this case.

Rahaman pleads her IIED under 42 U.S.C. § 1981, which guarantees all persons the equal right to make and enforce contracts as white citizens. ECF No. 1, PageID.36-37. Nothing in Rahaman's complaint supports her allegation that defendant violated that law. If Rahaman meant to state a claim for IIED under Michigan law, she cites no "extreme or outrageous conduct" to support that claim. *See King v. William Beaumont Hosp.*, No. 10-CV-13623-DT, 2011 WL 860656, at *2 (E.D. Mich. Mar. 9, 2011). Rahaman wrote that defendant dragged her to court even though it knew

11

that she had lost her son. ECF No. 1, PageID.36-37. Defendant's efforts to litigate its position in court cannot be considered extreme or outrageous.

Rahaman pleads her defamation claim under 28 U.S.C. § 4101, the SPEECH Act, which limits when a United States court may recognize and enforce a foreign judgment for defamation. *See Elec. Frontier Found. v. Glob. Equity Mgmt. (SA) Pty Ltd.*, 290 F. Supp. 3d 923, 941 (N.D. Cal. 2017). That statute does not apply here. Even if Rahaman's defamation is construed under Michigan law, she failed to specifically identify the exact language that she claims was defamatory, and thus does not state a claim. *Ghanam v. Does*, 303 Mich. App. 522, 543 (2014).

In sum, Rahaman's complaint makes implausible and unadorned the-defendant-unlawfully-harmed-me claims that should be dismissed.

## V. Conclusion

The Court **RECOMMENDS** that defendant's motion to dismiss, ECF No. 22, be **GRANTED**.

s/Elizabeth A. Stafford  
ELIZABETH A. STAFFORD  
United States Magistrate Judge

Dated: November 29, 2021

## **NOTICE TO THE PARTIES ABOUT OBJECTIONS**

Within 14 days of being served with this report and recommendation, any party may serve and file specific written objections to this Court's findings and recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). If a party fails to timely file specific objections, any further appeal is waived. *Howard v. Secretary of HHS*, 932 F.2d 505 (6th Cir. 1991). And only the specific objections to this report and recommendation are preserved for appeal; all other objections are waived. *Willis v. Secretary of HHS*, 931 F.2d 390, 401 (6th Cir. 1991).

Each **objection must be labeled** as "Objection #1," "Objection #2," etc., and **must specify** precisely the provision of this report and recommendation to which it pertains. Within 14 days after service of objections, **any non-objecting party must file a response** to the objections, specifically addressing each issue raised in the objections in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc. The response must be **concise and proportionate in length and complexity to the objections**, but there is otherwise no page limitation. If the Court determines that any objections are without merit, it may rule without awaiting the response.

**CERTIFICATE OF SERVICE**

    The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First-Class U.S. mail addresses disclosed on the Notice of Electronic Filing on November 29, 2021.

                                    s/Marlena Williams
                                    MARLENA WILLIAMS
                                    Case Manager