# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

Joy Rahaman,

               Plaintiff,       Case No. 20-11628

v.                         Judith E. Levy
                                United States District Judge

American Connect Family Property
and Casualty Insurance,        Mag. Judge Elizabeth A.
                                Stafford

               Defendant.

_____/

## OPINION AND ORDER ADOPTING IN PART REPORT AND RECOMMENDATION [36], GRANTING DEFENDANT'S MOTION TO DISMISS [22], DENYING PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT AS MOOT [40, 41], DENYING PLAINTIFF'S MOTION FOR RECUSAL [42], DENYING DEFENDANT'S MOTION FOR SANCTIONS [45], AND DENYING DEFENDANT'S MOTION TO CONSOLIDATE AS MOOT [49]

Before the Court is Magistrate Judge Elizabeth A. Stafford's Report

and Recommendation ("R&R") (ECF No. 36) recommending that the

Court grant Defendant's motion to dismiss (ECF No. 22).[1] Plaintiff Joy

---

[1] While Plaintiff identified Defendant as "American Connect Family Property and Casualty Insurance" in the complaint and the case caption, Defendant asserts that it is properly identified as "IDS Property Casualty Insurance Company." (ECF No. 22, PageID.578.)

Rahaman timely filed objections, and Defendant responded. For the reasons set forth below, the Court grants Plaintiff's third specific objection, overrules Plaintiff's remaining objections, adopts Judge Stafford's R&R in part, grants Defendant's motion to dismiss, denies the remaining pending motions (ECF Nos. 40, 41, 42, 45, 49), and dismisses the case.

## I.   Background

### A.   Factual Background

This case stems from a September 2016 car accident involving Plaintiff. The factual background set forth in Judge Stafford's R&R is fully adopted as though set forth in this Opinion and Order.[2] (ECF No. 36, PageID.1004–1006.)

---

[2] While Judge Stafford cites primarily to Plaintiff's complaint, she also references various attachments to Defendant's motion for summary judgment and Defendant's supplemental brief in support of summary judgment. (*See* ECF No. 36, PageID.1005–1006 (citing ECF Nos. 21-5, 21-6, 21-12, 30-2).) These documents are appropriately before the Court on Defendant's motion to dismiss because they are either public records (ECF Nos. 21-5, 21-6, 30-2) or referenced in the complaint (ECF No. 21-12). *See Stein v. HHGREGG, Inc.*, 873 F.3d 523, 528 (6th Cir. 2017); *Bassett v. NCAA*, 528 F.3d 426, 430 (6th Cir. 2008).

## B.   Procedural History

The relevant procedural history is as follows. Plaintiff filed her complaint on June 7, 2020.[3] (ECF No. 1.) Defendant filed its answer on September 15, 2020. (ECF No. 14.) On September 24, 2022, Defendant filed a motion for partial summary judgment pursuant to Federal Rule of Civil Procedure 56 (ECF No. 21) and a separate motion to dismiss pursuant to Rule 12(b)(6). (ECF No. 22.) Plaintiff responded to both motions (ECF Nos. 23–25), and Defendant replied. (ECF Nos. 26, 27.) On December 11, 2020, Defendant filed a supplemental brief in support of its motion for summary judgment, providing the Court with a copy of the

---

[3] As Judge Stafford notes, Plaintiff's complaint asserts both "claims" and "counts." They are: "First Claim: Negligence," "Second Claim - Breach of Contract," "Count I: Material Breach," "Count II: Bad Faith," "Count III: Implied Covenant of Good Faith and Fair Dealing," "Third Claim - False Statements," "Count I: Fraud Misrepresentation," "Fourth Claim-Violation of Persons with Disability," "Fifth Claim - Violation of 42 USC 12102 (2)(3) (Serious Impairment of a Bodily Function)," "Sixth Claim- Violation of Title VI ('Preserved' Right to Jury Trial)," "Seventh Claim-Violation of the Federal Arbitration Act," Eighth Claim - Civil Conspiracy to Interfere with Civil Rights," "[Ninth] Claim- Intentional Misconduct," "Tenth Claim-Intentional Infliction of Emotional Distress (Reckless Infliction of Emotional Distress)," and "Eleventh Claim – Defamation." (ECF No. 1, PageID.21–38.)

3

Michigan Court of Appeals' November 24, 2020 opinion in the related state-court proceeding.[4] (ECF Nos. 30, 30-2.)

On May 8, 2021, Magistrate Judge R. Steven Whalen[5] issued a Report and Recommendation (the "Whalen R&R"), recommending the Court grant Defendant's motion for partial summary judgment with respect to "Plaintiff's PIP claim and third-party negligence claim."[6] (ECF

---

[4] The opinion is also available at *Rahaman v. Ameriprise Ins. Co.*, No. 349463, 2020 WL 6939740 (Mich. Ct. App. Nov. 24, 2020). The Michigan Supreme Court denied Plaintiff's request for leave to appeal. *Rahaman v. Ameriprise Ins. Co.*, 507 Mich. 932 (2021).

[5] This case was reassigned from Judge Whalen to Judge Stafford on June 24, 2021 pursuant to Administrative Order 21-AO-013. The Court referred all remaining pretrial matters to Judge Stafford under 28 U.S.C. § 636(b)(1). (ECF No. 33.)

[6] The Whalen R&R briefly explained the distinction between first-party personal injury protection ("PIP") claims and third-party negligence claims under Michigan law:

> PIP benefits constitute payment for economic losses including "all reasonable charges incurred for reasonably necessary products, services and accommodations for an injured person's care, recovery, or rehabilitation." M.C.L. § 500.3107(1)(a). A third-party negligence claim, on the other hand, is brought against a tortfeasor (i.e., the other party to the accident) and can result in non-economic damages, such as pain and suffering. . . . Thus, although a first-party and a third-party claim involve some overlap–for example, both arise out of the same motor vehicle accident–"there are also significant differences between the two types of claims." *Adam v. Bell*, 311 Mich. App. 528, 534, 879 N.W.2d 879, 882 (2015). Unlike a PIP action, a negligence action "involves compensation for past and future pain and suffering and other economic

4

No. 32, PageID.969.) After neither party filed timely objections, the Court adopted the Whalen R&R and granted Defendant's motion for summary judgment on September 23, 2021. (ECF No. 35.)

On November 29, 2021, Judge Stafford issued an R&R recommending that the Court grant Defendant's motion to dismiss on Plaintiff's remaining claims. (ECF No. 36.) Plaintiff timely filed objections under Federal Rule of Civil Procedure 72(b)(2) and Eastern District of Michigan Local Rule 72.1(d) (ECF No. 38), and Defendant responded. (ECF No. 39.)

The parties filed several subsequent motions that remain pending. In December 2021, Plaintiff filed a motion for partial summary judgment on her negligence, breach of contract, serious impairment of bodily function, and civil conspiracy claims (ECF Nos. 40, 41) and a motion seeking the recusal of Judge Stafford. (ECF No. 42.) Defendant responded to both motions in January 2022 (ECF No. 43, 44) and filed a separate motion for Rule 11 sanctions. (ECF No. 45.) Plaintiff opposed

---

and noneconomic losses rather than compensation for immediate expenses related to the injured person's care and recovery." *Id.* at 535.

(ECF No. 32. PageID.975–976.)

the motion for sanctions. (ECF No. 48.) On May 6, 2022, Defendant moved to consolidate this case with *Rahaman v. State Farm Mutual Ins. Co.* (Case No. 22-10635) pursuant to Rule 43(a). (ECF No. 49.) Plaintiff responded (ECF No. 51), and Defendant replied. (ECF No. 52.)

## II.  Report & Recommendation on Defendant's Motion to Dismiss (ECF No. 22, 36)

The Court first considers Plaintiff's objections to Judge Stafford's R&R on Defendant's motion to dismiss.

### A.  Legal Standard

### i.  Objections to a Report & Recommendation

A party may object to a magistrate judge's report and recommendation on dispositive motions, and a district judge must resolve proper objections under a de novo standard of review. *See* 28 U.S.C. § 636(b)(1)(B)–(C); Fed. R. Civ. P. 72(b)(1)–(3). "For an objection to be proper, Eastern District of Michigan Local Rule 72.1(d)(1) requires parties to 'specify the part of the order, proposed findings, recommendations, or report to which [the party] objects' and to 'state the basis for the objection.'" *Pearce v. Chrysler Grp. LLC Pension Plan*, 893 F.3d 339, 346 (6th Cir. 2018). Objections that restate arguments already presented to the magistrate judge are improper, *see Coleman-Bey v.*

6

*Bouchard*, 287 F. App'x 420, 422 (6th Cir. 2008) (citing *Brumley v. Wingard*, 269 F.3d 629, 647 (6th Cir. 2001)), as are those that are vague and dispute the general correctness of the report and recommendation, *see Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995).

Moreover, objections must be clear so that the district court can "discern those issues that are dispositive and contentious." *Id*. (citing *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991)); *see also Thomas v. Arn*, 474 U.S. 140, 147 (1985) (explaining that objections must go to "factual and legal" issues "at the heart of the parties' dispute"). In sum, the objections must be clear and specific enough to permit the Court to squarely address them on the merits. *See Pearce*, 893 F.3d at 346. Because Plaintiff is self-represented, the Court will construe his objections liberally. *See Boswell v. Mayer*, 169 F.3d 384, 387 (6th Cir. 1999) ("Pro se plaintiffs enjoy the benefit of a liberal construction of their pleadings and filings.").

### ii.    Motion for Judgment on the Pleadings

Judge Stafford considered Defendant's motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). (ECF No. 36, PageID.1010–1011.) However, as Plaintiff points out in her objections, Defendant filed

its motion to dismiss after it had already filed its answer to Plaintiff's complaint. (ECF No. 38, PageID.1023.) The Court must therefore consider Defendant's motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) as a motion for judgment on the pleadings under Rule 12(c). *See McGlone v. Bell*, 681 F.3d 718, 728 n.2 (6th Cir. 2012); *Taylor v. DLI Props., LLC*, No. 15-13777, 2019 WL 1057363, at *2 (E.D. Mich. Mar. 6, 2019). However, because Rule 12(c) motions are subject to the same standard as Rule 12(b)(6) motions, Judge Stafford's Rule 12(b)(6) analysis in the R&R is equally applicable under Rule 12(c). *See Barber v. Charter Twp. of Springfield*, 31 F.4th 382, 386 (6th Cir. 2022) (citing *Moderwell v. Cuyahoga Cnty.*, 997 F.3d 653, 659 (6th Cir. 2021)).

> When ruling on a defendant's motion to dismiss on the pleadings, a district court must construe the complaint in the light most favorable to the plaintiff, accept all of the complaint's factual allegations as true, and determine whether the plaintiff undoubtedly can prove no set of facts in support of his claim that would entitle him to relief. But [the court] need not accept as true legal conclusions or unwarranted factual inferences.

*Id.* at 386–87 (citations and internal quotations omitted). In addition to the allegations in the complaint, the Court may consider "matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint." *Golf Vill. N., LLC v. City of Powell*,

8

14 F.4th 611, 617 (6th Cir. 2021) (quoting *Meyers v. Cincinnati Bd. of Educ.*, 983 F.3d 873, 880 (6th Cir. 2020)); *Barany-Snyder v. Weiner,* 539 F.3d 327, 332 (6th Cir. 2008).

### B.   Analysis

### i.  Plaintiff's "Specific Objections"

Plaintiff first identifies five "Specific Objections"[7] to Judge Stafford's R&R:

1. This Motion to Dismiss was Denied by Magistrate Judge Whalen pursuant to Fed. R12(b)(6) "Failure to State a Claim for Relief" under Fed. R. 56 on May 8, 2021.
2. Defendant['s] Motion to Dismiss was disposed of under Motion for Partial Summary Judgment Fed. R. 56.
3. Defendant was not entitled to a Motion to Dismiss, under Fed. R. 12(b), [it] filed [its] answers before filing a Motion to Dismiss.
4. It would be unfair to dismiss my claim in lieu of the evidence.
5. I disagree with Magistrate Stafford 'critique' of Magistrate Whalen's Report in its entirety.[8]

---

[7] Neither Federal Rule of Civil Procedure 72(b)(2) nor Eastern District of Michigan Local Rule 72.1(d) differentiate between "specific" or "pinpoint" objections. Instead, each objection must be specific and pinpoint the portion of the R&R with which the party disagrees. *McClure v. Comm'r of Soc. Sec.*, No. 20-12517, 2022 WL 730631, at *1 (E.D. Mich. Mar. 10, 2022) ("[O]nly specific objections that pinpoint a source of error in the report are entitled to de novo review.").

[8] The Court notes that these "Specific Objections" do not comply with the instructions set forth in Judge Stafford's R&R, as they are not labeled and do not "specify precisely the provision of [the] report and recommendation to which it

(ECF No. 38, PageID.1022–1023.) The first two specific objections are without merit. The Whalen R&R specifically stated that "Defendant seeks dismissal of Plaintiff's other claims by separate motion" (ECF No. 32, PageID.973 n.4 (citing ECF No. 22)), discussed only Plaintiff's first-party PIP claim and third-party negligence claim, and did not resolve Defendant's motion to dismiss with respect to Plaintiff's remaining claims. Plaintiff's fourth and fifth specific objections are vague and conclusory and therefore improper. *See Miller*, 50 F.3d at 380; *Cole v. Yukins*, 7 F. App'x 354, 356 (6th Cir. 2001). As such, Plaintiff's specific objections 1, 2, 4, and 5 are overruled.

Plaintiff's third specific objection correctly identifies that Defendant's motion to dismiss was untimely because it was filed after Defendant filed its answer. (*See* ECF No. 14, 22.) As discussed above, Defendant's motion must instead be construed as a motion for judgment on the pleadings under Rule 12(c). *See McGlone*, 681 F.3d at 728 n.2. Accordingly, Plaintiff's third specific objection is granted. However,

---

pertains." (ECF No. 36, PageID.1015.) *See Andres v. Comm'r of Soc. Sec.*, 733 F. App'x 241, 244 (6th Cir. 2018) (explaining that "objections must be specific" and "pinpoint the magistrate judge's alleged errors"). However, the Court will nevertheless address these objections.

because the standards for a motion to dismiss under Rule 12(b)(6) and Rule 12(c) are identical, this conclusion does not undermine Judge Stafford's analysis in the R&R under Rule 12(b)(6), nor does it change the outcome. *See Barber*, 31 F.4th at 386; *McGlone*, 681 F.3d at 728 n.2.

### ii. Objection 1

Plaintiff next offers twenty "Pinpoint Objections."[9] In her first such objection, she disputes Judge Stafford's statement that Plaintiff "seeks to relitigate the state proceedings despite having accepted payments to settle them." (ECF No. 38, PageID.1023 (quoting ECF No. 36, PageID.1004).) Plaintiff fails to explain how Judge Stafford erred, pointing only to the civil cover sheet and the causes of action listed in the complaint. *See Andres*, 733 F. App'x at 244. Contrary to Plaintiff's assertions, Judge Stafford's statement is entirely consistent with the complaint, the relevant public records, and the Whalen R&R. (*See* ECF No. 1, PageID.6–21 (Plaintiff's complaint describing the accident and alleging a variety of conduct by Defendant during the state-court litigation); ECF No. 30-2, PageID.961–965 (Michigan Court of Appeals

---

[9] The Court will refer to these "Pinpoint Objections" by the labels Plaintiff provided ("Objection 1," "Objection 2," "Objection 3," etc.).

opinion addressing the same); and ECF No. 33, PageID.970–971 (R&R summarizing the same).) Moreover, this statement is not a finding of the R&R and has no bearing on its conclusions. Thus, Objection 1 is improper and overruled.

### iii. Objection 2

In Objection 2, Plaintiff misquotes the R&R as stating: "Defendant moves to dismiss under Federal Rule 12(b)(6), and the briefing is complete. The Motion should be granted[.] [U]nder Federal Rule 12(b) a court may grant dismissal under (6) 'failure to state a claim upon which relief can be granted[.]'"[10] (ECF No. 38, PageID.1024.) She then asserts that her "claim[s] for relief are [on] pages 34-37 of her original complaint." (ECF No. 38, PageID.1024.) Plaintiff misunderstands the applicable standard under Rule 12(b)(6) and Rule 12(c). The question is not whether Plaintiff requested some form of relief in her complaint but whether Plaintiff has alleged *a plausible claim* that entitles her to the requested relief. *See Barber*, 31 F.4th at 386–87. Because Plaintiff's assertion is not

---

[10] The R&R instead states: "Defendant moves to dismiss Rahaman's complaint under Federal Rule of Civil Procedure 12(b)(6), and the briefing for the motion is complete. The motion should be granted." (ECF No. 36, PageID.1004.)

relevant to Judge Stafford's analysis of the validity of Plaintiff's claims, Objection 2 is overruled.

### iv. Objections 3–11

Plaintiff next offers six objections to Judge Stafford's discussion of the scope of the Whalen R&R. (*See* ECF No. 38, PageID.1024–1029.) In that R&R, Judge Whalen concluded that "[t]he PIP claim in this complaint meets all three factors for applying res judicata." (ECF No. 32, PageID.975.) He also explained that "the Defendant insurer, who has paid PIP claims, cannot also be liable on Plaintiff's third-party claim because, quite simply, it is not a tortfeasor, and cannot be required to pay non-economic damages" and that "Plaintiff has resolved her third-party state negligence case." (*Id.* at PageID.976.) As Judge Stafford correctly explained, neither the Whalen R&R—nor the Court's Order adopting it— specifically addressed which of Plaintiff's fifteen identified claims were resolved by granting summary judgment on Plaintiff's "first-party PIP benefits and third-party negligence claims."[11] (ECF No. 36,

---

[11] Defendant's partial motion for summary judgment likewise failed to clearly identify which of Plaintiff's fifteen claims it sought summary judgment on. However, Defendant did identify certain allegations in the complaint that corresponded to the issues of first-party PIP benefits and third-party negligence. (*See* ECF No. 21, PageID.500.)

PageID.1006.) Applying the reasoning of the Whalen R&R, Judge Stafford concluded that this Court's Order granting partial summary judgment covered ten of Plaintiff's claims in their entirety.[12] (*Id.* at PageID.1009–1010.) She also held that Plaintiff's "Fourth Claim-Violation of Persons with Disability" was covered "to the extent that Rahaman requests 'reinstatement of all First party benefits.'" (*Id.* at PageID.1010.)

In Objection 3 and 4, Plaintiff challenges this analysis, asserting that "Judge Whalen discussed Plaintiff's specific claims on page one of the report," "[t]he language was clear and concise in his R&R," and "there has already been an order adopting Judge Whalen's findings." (ECF No. 38, PageID.1025.) These objections are without merit. The Whalen R&R simply summarized the claims in the present case in its introduction.[13] (*See* ECF No. 32, PageID.969.) As noted above, Judge

---

[12] These ten claims are: "First Claim: Negligence," "Second Claim - Breach of Contract," "Count I: Material Breach," "Count II: Bad Faith," "Count III: Implied Covenant of Good Faith and Fair Dealing," "Third Claim - False Statements," "Count I: Fraud Misrepresentation," "Fifth Claim - Violation of 42 USC 12102 (2)(3) (Serious Impairment of a Bodily Function)," "Sixth Claim- Violation of Title VI ('Preserved' Right to Jury Trial)," and "Seventh Claim- Violation of the Federal Arbitration Act."

[13] "The present action includes the claims of breach of contract, fraud, intentional infliction of emotion distress ("IIED"), and defamation, as well as

Whalen specifically stated that "Defendant seeks dismissal of Plaintiff's other claims by separate motion." (ECF No. 32, PageID.973 n.4 (citing ECF No. 22).) And, while the language of the Whalen R&R was clear and concise, its application to Plaintiff's fifteen identified claims was not clarified in this Court's Order adopting it. (*See* ECF No. 35.) As the Sixth Circuit explains: "Parties cannot typically relitigate issues resolved by the court at a prior stage of the litigation. Under the law-of-the-case doctrine, 'findings made at one point in the litigation become the law of the case for subsequent stages of the same litigation.'" *Hall v. Edgewood Partners Ins. Ctr., Inc.*, 758 F. App'x 392, 396 (6th Cir. 2018) (quoting *United States v. Moored*, 38 F.3d 1419, 1421 (6th Cir. 1994)). The law of the case can be established "either explicitly or implicitly." *Id.* (citing *Keith v. Bobby*, 618 F.3d 594, 599 (6th Cir. 2010)). As such, Judge Stafford properly considered the effect of this Court's prior Order adopting the Whalen R&R and granting partial summary judgment on Plaintiff's claims. Objections 3 and 4 are therefore overruled.

---

violations of the Americans With Disabilities Act ("ADA"), the Federal Arbitration Act ("FAA"), and 42 U.S.C. § 1985." (ECF No. 32, PageID.969.)

In Objections 5 through 11, Plaintiff asserts some form of the following: "Defendant refused to address this claim in [its] answer or to defend these allegations pursuant to 12(b)(6) in [its] Motion to Dismiss or Motion for summary judgment or any other pleadings. Therefore, I have a right to pursue this claim." (*See, e.g.*, ECF No. 38, PageID.1028 (Objection 9).) Each of these assertions is contrary to the record. Defendant's answer—which Plaintiff cites in Objection 5—expressly denies the relevant allegations in Plaintiff's complaint. (ECF No. 14, PageID.410–413, ¶¶ 58–108.) Further, if a claim was resolved by the Court's prior Order on summary judgment, whether Defendant addressed the claim in its motion to dismiss is not relevant. *See Hall*, 758 F. App'x at 396. The Court will now briefly address Plaintiff's individual objections to each of the resolved claims.

### a. Objection 5

Plaintiff makes no additional arguments with respect to her "First Claim: Negligence" except to assert that this claim is for "first party negligence." (ECF No. 38, PageID.1026.) But as Judge Stafford correctly explained, this claim "requests the type of noneconomic and economic damages" stemming from her 2016 accident, which were "already

16

adjudicated in her state court PIP and third-party negligence actions." (ECF No. 36, PageID.1008.) Objection 5 is therefore overruled.

### b. Objection 6

Next, Plaintiff asserts that her "Second Claim - Breach of Contract" and "Count I: Material Breach" have "not been previous [sic] litigated . . . against Defendant." This assertion is without merit and contrary to Plaintiff's long history of litigation against Defendant related to her insurance coverage for the September 2016 accident. *Compare* (ECF No. 1, PageID.7, ¶ 5 (describing contract with Defendant for "first party NO-FAULT benefits)) *and* (*id.* at PageID.23, ¶ 74 (asserting "material breach" of this contract by Defendant) *with Rahaman*, 2020 WL 6939740, at *1–2 (describing background of Plaintiff's litigation against Defendant related to "No-Fault claims for all benefits"). Instead, Judge Stafford correctly concluded that Plaintiff "cannot relitigate her entitlement to PIP benefits under her contract with [D]efendant." (ECF No. 36, PageID.1008–1009.) Objection 6 is therefore overruled.

### c. Objection 7

With respect to "Count II: Bad Faith" and "Count III: Implied Covenant of Good Faith and Fair Dealing," Judge Stafford held that

"these counts refer to defendant's performance of its contractual obligations" and requested the same damages "already adjudicated in her state court PIP and third-party negligence actions." (ECF No. 36, PageID.1009.) Plaintiff's only additional response is that "first party negligence was not adjudicated." (ECF No. 38, PageID.1027.) But, as discussed above, that assertion has no merit. To the extent Plaintiff is arguing that these specific claims have not been raised previously, res judicata nevertheless precludes these claims because they arise from the same transaction and *could* have been raised in the prior litigation between the parties.[14] *See Adair v. State*, 470 Mich. 105, 121 (2004) (describing a "broad approach to the doctrine of res judicata"). Objection 7 is therefore overruled.

### d. Objection 8

---

[14] As Defendant correctly points out in its response (ECF No. 39, PageID.1041), even if res judicata did not apply, Michigan does not recognize a cause of action for bad faith or breach of the implied covenant of good faith and fair dealing. *See Bank of Am., NA v. Fid. Nat'l Title Ins. Co.*, 316 Mich. App. 480, 501 (2016) ("Michigan does not recognize a cause of action for breach of the implied covenant of good faith and fair dealing."); *Casey v. Auto Owners Ins. Co.*, 273 Mich. App. 388, 401-02 (2006) ("An alleged bad-faith breach of an insurance contract does not state an independent tort claim.").

18

Plaintiff does not provide any additional arguments in support of Objection 8. (ECF No. 38, PageID.1028.) Moreover, Judge Stafford correctly identified that Plaintiff's "Third Claim - False Statements" and "Count I: Fraud Misrepresentation" concern Defendant's alleged conduct during the arbitration of her PIP claim. (*See* ECF No. 36, PageID.1009; *see also* ECF No. 1, PageID.27, ¶ 88; *id.* at PageID.28, ¶¶ 92–93.) As such, Plaintiff could have raised these claims against Defendant in the related state court litigation and res judicata applies. *See Adair*, 470 Mich. at 121. Objection 8 is therefore overruled.

### e.  Objection 9

Plaintiff advances no additional arguments in support of Objection 9. (ECF No. 38, PageID.1028.) As noted above, Judge Stafford correctly concluded that Plaintiff's "Fourth Claim-Violation of Persons with Disability" is barred by res judicata "to the extent that Rahaman requests 'reinstatement of all First party benefits.'" (ECF No. 36, PageID.1010.) Objection 9 is therefore overruled.

### f.  Objection 10

Plaintiff likewise fails to offer additional arguments in support of Objection 10. (ECF No. 38, PageID.1029.) Judge Stafford accurately

identified that Plaintiff's "Fifth Claim - Violation of 42 USC 12102 (2)(3) (Serious Impairment of a Bodily Function)" concerned Plaintiff's alleged physical injuries arising out of the 2016 accident and was therefore precluded.[15] (ECF No. 36, PageID.1010.) Objection 10 is therefore overruled.

### g. Objection 11

Plaintiff similarly provides no additional arguments to support Objection 11. (ECF No. 38, PageID.1029.) This objection concerns Plaintiff's "Sixth Claim- Violation of Title VI ('Preserved' Right to Jury Trial)," and "Seventh Claim- Violation of the Federal Arbitration Act," which again address Defendant's conduct during the arbitration and related state court litigation. (*See* ECF No. 1, PageID.32–34.) As such, Judge Stafford correctly concluded that these issues were resolved by the state courts and res judicata applies. (ECF No. 36, PageID.1010.) Objection 11 is therefore overruled.

### v.  Objections 12–20

---

[15] The title of this claim cites to the ADA definition of disability in 42 U.S.C. §12102, but Plaintiff's allegations cite to Mich. Comp. Laws § 500.3135, which concerns the liability of tortfeasors in auto accidents. Even if res judicata did not apply, neither statute provides her with a cause of action against her insurer.

Next, Plaintiff offers nine objections related to Judge Stafford's discussion of her remaining claims.[16]

Objection 12 and 13 concern Judge Stafford's statements that "Rahaman's remaining claims should also be dismissed" and that "[n]one of Rahaman's remaining claims are plausible." (ECF No. 28, PageID.1029–1030 (quoting ECF No. 36, PageID.1010, 1011).) Plaintiff asserts that these statements are improper because they do not appear in Judge Whalen's R&R. (*Id*.) But, as previously discussed, the Whalen R&R expressly stated that it was not addressing Defendant's motion to dismiss. (*See* ECF No. 32, PageID.973 n.4.) Moreover, these statements have no bearing on the R&R's conclusions and merely summarize Judge Stafford's more detailed reasoning. As such, Objections 12 and 13 are improper and overruled.

In Objections 14 through 20, Plaintiff similarly asserts that Judge Stafford's conclusions are contrary to Judge Whalen's findings and the evidence. (*See* ECF No. 38, PageID.1030–1035.) Again, the Whalen R&R

---

[16] These are "Eighth Claim - Civil Conspiracy to Interfere with Civil Rights," "[Ninth] Claim- Intentional Misconduct," "Tenth Claim- Intentional Infliction of Emotional Distress (Reckless Infliction of Emotional Distress)," "Eleventh Claim – Defamation," and—to the extent it does not seek restoration of first-party benefits—"Fourth Claim-Violation of Persons with Disability."

21

did not consider any evidence related to these remaining claims because they were not the subject of the partial motion for summary judgment. (*See* ECF No. 32, PageID.973 n.4.) As such, this argument cannot form the basis of a valid objection. *See Miller*, 50 F.3d at 380.

Likewise, Plaintiff's repeated assertions in these objections that Defendant did not "defend against this claim in [its] answer or pleadings" are without merit. (*See* ECF No. 38, PageID.1030–1035.) Defendant's answer denies all relevant allegations in Plaintiff's complaint (ECF No. 14, PageID.410–413, ¶¶ 58–108), and its motion to dismiss addressed each of the remaining claims (ECF No. 22, PageID.586–594). Again, Plaintiff's unsupported argument cannot form the basis of a valid objection. *See Miller*, 50 F.3d at 380. Because Plaintiff advances no other valid arguments in favor of these objections, Objection 14 through 20 are overruled.

In sum, Plaintiff's third specific objection is granted but her objections are otherwise overruled. The Court adopts Judge Stafford's R&R in part (ECF No. 36) and grants Defendant's motion to dismiss under Federal Rule of Civil Procedure 12(c). (ECF No. 22.) The case is dismissed with prejudice.

### III.   Plaintiff's Motion for Partial Summary Judgment (ECF Nos. 40, 41)

Because the Court dismisses the case, Plaintiff's motion for partial summary judgment, filed in two separate docket entries (ECF Nos. 40, 41), is denied as moot.

### IV.   Plaintiff's Motion for Recusal (ECF No. 42)

On December 30, 2022, Plaintiff moved to recuse Judge Stafford under 28 U.S.C. § 455 and *Marshall v. Jerrico, Inc.*, 446 U.S. 238 (1980). (ECF No. 42.) Plaintiff argues that Judge Stafford demonstrated bias and prejudice by issuing an R&R on Defendant's motion to dismiss that inappropriately critiqued the Whalen R&R, improperly favors Defendant's attorney, showed personal bias and prejudice towards Plaintiff, and refused to allow Plaintiff to proceed with discovery while Defendant's motion to dismiss remained pending. (*See id.* at PageID.1170–1172, 1177–1179.)

Under 28 U.S.C. § 455(a), a magistrate judge "shall disqualify [herself] in any proceeding in which [her] impartiality might reasonably be questioned." A magistrate judge must also disqualify herself in the case of "personal bias or prejudice concerning a party." 28 U.S.C. § 455(b)(1). "A bias sufficient to justify recusal must be a personal bias 'as

23

distinguished from a judicial one,' arising out of the judge's background and association' and not from the 'judge's view of the law.'" *United States v. Story*, 716 F.2d 1088, 1090 (6th Cir. 1983). The Supreme Court has explained that "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion,' instead '[a]lmost invariably, they are proper grounds for appeal, not for recusal." *Liteky v. United States*, 510 U.S. 540, 555 (1994).

Here, Plaintiff's allegations do not set forth a basis for finding that Judge Stafford harbored a personal bias against Plaintiff or in favor of Defendant's counsel. As set forth above, Judge Stafford's R&R appropriately applied the Whalen R&R to Plaintiff's claims and addressed Defendant's motion to dismiss on the claims not resolved by the Whalen R&R. Judge Stafford's refusal to schedule status conferences or allow discovery to proceed while waiting for the undersigned to resolve the R&R and motion to dismiss is not evidence of bias but consistent with common practice in the Eastern District of Michigan. As such, the Court concludes that Plaintiff has failed to demonstrate that Judge Stafford was biased or prejudiced against Plaintiff or did not act impartially. Accordingly, the Court denies Plaintiff's motion for recusal.

24

## V.    Defendant's Motion for Sanctions (ECF No. 45)

On January 19, 2022, Defendant filed a motion for sanctions under Rule 11 (ECF No. 45.) Defendant requests that the Court sanction Plaintiff for filing a motion for partial summary judgment on December 20, 2021 which addressed the same issues that were resolved Defendant's motion for summary judgment which this Court granted on September 23, 2021. (*See id.* at PageID.1270–1271, 1277.) "Specifically, Defendant contends that Plaintiff is abusing the judicial process, multiplying the proceedings and intending to harass and increase the cost of litigation." (*Id.* at PageID.1279.) Plaintiff responds that sanctions are not warranted and asserts that the motion is part of a pattern of improper conduct by Defendant's counsel in this litigation.[17] (*See* ECF No. 48, PageID.1291–1293.)

"Rule 11 imposes upon litigants a continuing obligation to refrain from pursuing meritless or frivolous claims during the course of proceedings." *Dearborn St. Bldg. Assocs., LLC v. Huntington Nat'l Bank*,

---

[17] To the extent Plaintiff seeks to recover costs in her response to Defendant's motions for sanctions (*see* ECF No. 48, PageID.1298), this request is improper and is denied. *See* Fed. R. Civ. P. 11(c)(2) ("A motion for sanctions must be made separately from any other motion and must describe the specific conduct that allegedly violates Rule 11(b).").

411 F. App'x 847, 850 (6th Cir. 2011). "Under Federal Rule of Civil Procedure 11, sanctions may be imposed if 'a reasonable inquiry discloses the pleading, motion, or paper is (1) not well grounded in fact, (2) not warranted by existing law or a good faith argument for the extension, modification or reversal of existing law, or (3) interposed for any improper purpose such as harassment or delay.'" *Merritt v. Int'l Ass'n of Machinists & Aero. Workers*, 613 F.3d 609, 626 (6th Cir. 2010) (citation omitted).

Having considered the filings of the parties and the posture of the case at the time the motion was filed, the Court concludes that sanctions are not warranted. Specifically, the Court finds that Defendant has not demonstrated that Plaintiff filed her motion for partial summary judgment to harass or cause delay. Instead, Plaintiff's filings evidence a mistaken belief that Judge Stafford had misinterpreted Judge Whalen's R&R and the Court's previous ruling on summary judgment and that Plaintiff was seeking a procedural mechanism to move the case forward. (*See, e.g.*, ECF No. 42, PageID.1172 ("Plaintiff was forced to file a motion for 'Partial Summary Judgment' after waiting six months without any movement towards discovery.").) Because the Court had yet to address this misunderstanding at the time Plaintiff filed her motion for partial

26

summary judgment, the undersigned cannot conclude that Plaintiff acted with an improper purpose. Accordingly, Defendant's motion for sanctions is denied.

### VI.    Defendant's Motion to Consolidate (ECF No. 49)

Because the Court dismisses the case, Defendant's motion to consolidate (ECF No. 49) is denied as moot.

### VII.    Conclusion

For the reasons set forth above, the Court GRANTS Plaintiff's third specific objection regarding the appropriate standard to evaluate Defendant's motion but otherwise OVERRULES Plaintiff's objections. (ECF No. 38.) The Court ADOPTS IN PART Magistrate Judge Elizabeth A. Stafford's Report & Recommendation (ECF No. 36), and GRANTS Defendant's motion to dismiss under Federal Rule of Civil Procedure 12(c). (ECF No. 22.)

Plaintiff's motion for partial summary judgment is DENIED as moot. (ECF Nos. 40, 41.)

Plaintiff's motion for recusal is DENIED. (ECF No. 42.)

Defendant's motion for sanctions is DENIED. (ECF No. 45.)

Defendant's motion to consolidate is DENIED as moot. (ECF No. 49.)

The case is DISMISSED WITH PREJUDICE.

IT IS SO ORDERED.

Dated: September 30, 2022         s/Judith E. Levy
Ann Arbor, Michigan              JUDITH E. LEVY
                                 United States District Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on September 30, 2022.

                                 s/William Barkholz
                                 WILLIAM BARKHOLZ
                                 Case Manager