UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Joy Rahaman,

           Plaintiff,      Case No. 20-11628

v.                                Judith E. Levy
                                United States District Judge

American Connect Family Property
and Casualty Insurance,       Mag. Judge Elizabeth A.
           Defendant.    Stafford

_____/

**OPINION AND ORDER DENYING PLAINTIFF'S
MOTION FOR RELIEF FROM JUDGMENT [57]**

Before the Court is Plaintiff Joy Rahaman's motion for relief from judgment. (ECF No. 57.) For the reasons set forth below, Plaintiff's motion is denied.

### I.    Background

The factual background of this case has been set forth in detail in Magistrate Judge Elizabeth A. Stafford's November 29, 2021 Report and Recommendation ("R&R"). (*See* ECF No. 36, PageID.1004–1006.) In addition, a thorough procedural history of this case was set forth in the

Court's September 30, 2022 Opinion and Order. (*See* ECF No. 55, PageID.1421–1424.)

In that Opinion and Order, the Court (i) resolved Plaintiff's objections to Judge Stafford's R&R, (ii) adopted the R&R in part, (iii) granted Defendant American Connect Family Property and Casualty Insurance's motion to dismiss, (iv) denied Plaintiff's motion for partial summary judgment as moot, (v) denied Plaintiff's motion to recuse Judge Stafford, (vi) denied Defendant's motion for sanctions, and (vii) denied Defendant's motion to consolidate as moot. (*Id.* at PageID.1445–1446.) The Court entered a corresponding judgment in favor of Defendant on the same day. (ECF No. 56.) Plaintiff failed to timely file a motion for relief from judgment or a notice of appeal. *See* Fed. R. Civ. P. 59(e) ("A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment."); Fed. R. App. P. 4(a)(1)(A) ("In a civil case, . . . the notice of appeal . . . must be filed with the district clerk within 30 days after entry of the judgment or order appealed from.").

On August 23, 2023, Plaintiff filed the present motion for relief from judgment pursuant to Federal Rule of Civil Procedure 60(b). (ECF

2

No. 57.) On September 26, 2023, Defendant filed a response. (ECF No. 59.) That same day, Plaintiff filed a reply. (ECF No. 60.)

## II. Legal Standard

Federal Rule of Civil Procedure 60(b) provides:

(b) Grounds for Relief from a Final Judgment, Order, or Proceeding. On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
> (4) the judgment is void;
>
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). "Relief under Rule 60(b) is circumscribed by public policy favoring finality of judgments and termination of litigation." *Jones v. Bradshaw*, 46 F.4th 459, 482 (6th Cir. 2022) (quoting *Ford Motor Co.*

3

*v. Mustangs Unlimited, Inc.*, 487 F.3d 465, 468 (6th Cir. 2007)). Whether to grant relief under Rule 60(b) is in the district court's discretion. *See Jinks v. AlliedSignal, Inc.*, 250 F.3d 381, 385 (6th Cir. 2001). "[T]he party seeking relief under Rule 60(b) bears the burden of establishing the grounds for such relief by clear and convincing evidence." *Info-Hold, Inc. v. Sound Merch., Inc.*, 538 F.3d 448, 454 (6th Cir. 2008).

### III. Analysis

While Plaintiff asserts that relief from judgment is warranted under Rule 60(b), her motion does not to appear to tie any of her arguments to the four specific provisions of Rule 60(b) that she cites.[1] Nevertheless, because Plaintiff is self-represented, the Court will construe her motion liberally and consider her arguments under Rule 60(b)(1), (2), (3), and (6). *See Boswell v. Mayer*, 169 F.3d 384, 387 (6th Cir.

---

[1] In her brief, Plaintiff requests relief,

> under Fed. R. Civ. P. 60 (1) as a mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(B); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party; (4) or any other reason justifying relief from the judgment.

(ECF No. 57, PageID.1481.) However, "any other reason that justifies relief" appears in subsection (b)(6), not subsection (b)(4). *See* Fed. R. Civ. P. 60(b)(6).

1999) ("Pro se plaintiffs enjoy the benefit of a liberal construction of their pleadings and filings."). As set forth below, the Court concludes that relief from judgment is not warranted under any of these provisions.

### A. Rule 60(b)(1)

Under Rule 60(b)(1), the Court may grant a party relief from a final judgment or order due to "mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b)(1). The Sixth Circuit has explained that "Rule 60(b)(1) 'is intended to provide relief in only two situations: (1) when a party has made an excusable mistake or an attorney has acted without authority, or (2) when the judge has made a substantive mistake of law or fact in the final judgment or order.'" *Vargo v. D & M Tours, Inc.*, 841 F. App'x 794, 799 (6th Cir. 2020) (quoting *United States v. Reyes*, 307 F.3d 451, 455 (6th Cir. 2002)).

Plaintiff asserts a variety of errors by Judge Stafford and this Court. None of these arguments are persuasive. First, Plaintiff contends that the Court should have stated its reasons for denying her motion for partial summary judgment on the record instead of denying it as moot. (*See* ECF No. 57, PageID.1476.) But Judge Stafford's R&R thoroughly explained why each of Plaintiff's claims were either (i) barred by res

judicata—under the Court's September 23, 2021 Order adopting Magistrate Judge R. Steven Whalen's May 8, 2021 R&R—or (ii) did not state a plausible claim for relief. (*See* ECF No. 36, PageID.1006–1010, 1012–1014.) The Court's September 30, 2022 Opinion and Order adopted those portions of Judge Stafford's R&R and rejected Plaintiff's objections. (*See* ECF No. 55, PageID.1427–1440.) As a result, all of Plaintiff's claims were dismissed, so there was nothing remaining for the Court to address with respect to Plaintiff's motion for partial summary judgment. Thus, the Court did not err in denying Plaintiff's motion as moot.

Relatedly, Plaintiff complains that Judge Stafford failed to comply with the Federal Rule of Civil Procedure 72 and violated Plaintiff's procedural due process rights by not timely acting on her motion for partial summary judgment.[2] (*See* ECF No. 57, PageID.1461–1462, 1472, 1475–1476; *see also* ECF No. 41.) The Court does not agree. Judge Stafford's November 29, 2021 R&R recommend that the Court grant Defendant's motion to dismiss, thereby resolving all remaining claims in the case. (*See* ECF No. 36, PageID.1014.) As such, it was appropriate for

---

[2] Plaintiff filed her motion for partial summary judgement on December 22, 2021—23 days *after* Judge Stafford's R&R was filed. (*See* ECF Nos. 36, 41.)

6

Judge Stafford to wait for this Court to resolve Plaintiff's objections to her R&R before expending further judicial resources on Plaintiff's motion for partial summary judgment.

Plaintiff's motion also repeatedly mischaracterizes Judge Whalen's R&R, insisting that Judge Whalen ruled in Plaintiff's favor. (*See* ECF No. 57, PageID.1460 ("Magistrate Judge Steven Whalen found that the Plaintiff was entitled to damages pursuant to MCL 500.3107, after [a] review of the evidence submitted."); *see also id.* at PageID.1461, 1481.) But Judge Whalen expressly ruled *against* Plaintiff in his R&R. (*See* ECF No. 32, PageID.976 ("I recommend that Defendant's motion for partial summary judgment . . . be GRANTED, and that Plaintiff's PIP claim and third-party negligence claim be DISMISSED.").) Likewise, Plaintiff incorrectly asserts that this Court adopted Judge Whalen's R&R as a "final order." (ECF No. 57, PageID.1460, 1471, 1477, 1481; ECF No. 60, PageID.1961.) However, the Court's September 23, 2021 Order was not final and did not purport to resolve all pending claims against Defendant.[3] (*See* ECF No. 35, PageID.1001.) As such, Plaintiff has not

---

[3] Throughout her motion, Plaintiff also appears to assert that her complaint stated a claim for relief because it included a section entitled "Plaintiff['s] Claim for Relief." (*See* ECF No. 57, PageID.1458–1460, 1472; *see also* ECF No. 1, PageID.40–

7

identified "a substantive mistake of law or fact" in the Court's September 30, 2022 Opinion and Order. Accordingly, the Court denies Plaintiff relief from judgment under Rule 60(b)(1).

### B. Rule 60(b)(2)

Pursuant to Rule 60(b)(2), the Court may grant a party relief from judgement based on "newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b)[.]" Fed. R. Civ. P. 60(b)(2); *cf.* Fed. R. Civ. P. 59(b) ("A motion for a new trial must be filed no later than 28 days after the entry of judgment."). The moving party must "show by clear and convincing evidence (1) that it exercised due diligence to obtain the evidence and (2) that the evidence is material, *i.e.*, would have clearly resulted in a different outcome." *Luna v. Bell*, 887 F.3d 290, 294 (6th Cir. 2018) (citing *JPMorgan Chase Bank, N.A. v. First Am. Title Ins. Co.*, 750 F.3d 573, 584 (6th Cir. 2014)). "[T]he newly discovered evidence 'must have been

---

43.) But "failure to state a claim upon which relief can be granted" is a legal phrase that refers to whether the complaint includes sufficient factual allegations to support the plaintiff's asserted claims—not whether the complaint has a section or allegations labeled as a claim for relief. *Cf. Elec. Merch. Sys. LLC v. Gaal*, 58 F.4th 877, 882 (6th Cir. 2023) (summarizing standard for Rule 12(b)(6) motion for failure to state a claim).

previously unavailable,' and 'cannot be merely impeaching or cumulative.'" *Arsan v. Keller*, 784 F. App'x 900, 918 (6th Cir. 2019) (internal citations omitted).

In her motion, the only newly discovered evidence Plaintiff points to is the alleged defamatory email sent by attorney Michelle Boedeker.[4] (*See* ECF No. 57, PageID.1449–1450, 1462, 1479–1480.) Plaintiff states that she "did not find the State Farm email . . . until February 22, 2022, approximately two months after Plaintiff filed a Motion for Partial Summary Judgment." (*Id.* at PageID.1480.) However, by Plaintiff's own admission, she was in possession of and aware of this email for *at least seven months* before the Court issued its September 30, 2022 Opinion and Order.[5] (*See* ECF No. 57, PageID.1462 ("On February 22, 2022, . . . Plaintiff . . . found the HIV email . . . written by State Farm Attorney

---

[4] The Court previously discussed this email in a related case. *See Rahaman v. State Farm Mut. Ins. Co.*, No. 22-10635, 2023 WL 5439212, at *7 & n.12 (E.D. Mich. Aug. 23, 2023). In her reply brief, Plaintiff appears to concede that this email is not material to her claims in this case, stating: "The . . . email issue is irrelevant to the complaint the plaintiff brought against American Connect Family." (ECF No. 60, PageID.1960.)

[5] As Defendant points out (*see* ECF No. 59, PageID.1953–1954), Plaintiff has previously alleged that "'she found this email in her PIP file,' which she received in June 2019." *Rahaman*, 2023 WL 5439212, at *7 n.12 (citations omitted).

9

Michelle Boedeker.").) As such, this email does not constitute newly discovered evidence under Rule 60(b)(2). *See HDC, LLC v. City of Ann Arbor*, 675 F.3d 608, 615 (6th Cir. 2012) (holding that the plaintiff's evidence was not newly discovered because it was publicly available prior to the district court's judgment); *see also* 11 Charles Alan Wright, Arthur R. Miller, & Mary Kay Kane, *Fed. Prac. & Proc. Civ.* § 2859 (3d ed. 2023) ("[I]f [the evidence] was in the possession of the party before the judgment was rendered it is not newly discovered and does not entitle the party to relief."). Accordingly, the Court denies Plaintiff relief from judgment under Rule 60(b)(2).

### C. Rule 60(b)(3)

Next, Rule 60(b)(3) "allows a district court to grant relief in cases of 'fraud . . . , misrepresentation, or misconduct by an opposing party.'" *Info-Hold*, 538 F.3d at 455 (quoting Fed. R. Civ. P. 60(b)(3)). This provision "clearly requires the moving party to 'show that the adverse party committed a deliberate act that adversely impacted the fairness of the relevant legal proceeding [in] question.'" *Id.* (alteration in original) (quoting *Jordan v. Paccar, Inc.*, No. 95-3478, 1996 WL 528950, at *5 (6th

Cir. Sept. 17, 1996)). In defining fraud in the context of a Rule 60(b)(3) motion, the Sixth Circuit has explained:

> Fraud is the knowing misrepresentation of a material fact, or concealment of the same when there is a duty to disclose, done to induce another to act to his or her detriment. Fraud thus includes "deliberate omissions when a response is required by law or when the non-moving party has volunteered information that would be misleading without the omitted material."

*Id.* at 456 (citations omitted).

Plaintiff asserts that Defendant forced her state-court case into a "fraudulent arbitration" without her knowledge or consent. (*See* ECF No. 57, PageID.1449, 1454, *see also id.* at PageID.1455–1457.) As an initial matter, these allegations do not demonstrate fraud or misconduct in *this proceeding* in federal court. *See Info-Hold*, 538 F.3d at 455. Additionally, the Michigan Court of Appeals has previously addressed Plaintiff's claims, holding: "Because [plaintiff's counsel] had apparent authority to enter the arbitration agreement on plaintiff's behalf, defendant could enforce that agreement even if it was contrary to plaintiff's express wishes." *Rahaman v. Ameriprise Ins. Co.*, No. 349463, 2020 WL 6939740, at *3 (Mich. Ct. App. Nov. 24, 2020).

11

Plaintiff also alleges that Defendant "immediately formed an alliance with State Farm" to defame Plaintiff because Defendant's counsel, Aaron Sims, was copied on the alleged defamatory email from Boedeker. (ECF No. 57, PageID.1449; *see also id.* at PageID.1469–1470.) She further asserts that her signature on the release in her third-party negligence case was forged and that the first time she saw this release form was when Defendant filed it in support of its summary judgment motion.[6] (*Id.* at PageID.1451–1452, 1459.) These claims are not credible, nor are they supported by clear and convincing evidence. While Plaintiff attached more than 450 pages of documents to her motion, these consist primarily of court filings from this case and related proceedings, along with other evidence that this Court has previously reviewed. (*See* ECF No. 57-1, PageID.1486–1489.) The Court concludes that Plaintiff falls far short of demonstrating fraud, misrepresentation, or misconduct by Defendant that "adversely impacted the fairness" of this proceeding. *See*

---

[6] The Court notes that Plaintiff previously admitted to signing the $20,000 check that corresponds to this release in her related case against State Farm Mutual Insurance Company. (*See* No. 22-10635, ECF No. 1, PageID.18; No. 22-10635, ECF No. 9; No. 22-10635, ECF No. 42, PageID.1516.)

*Info-Hold*, 538 F.3d at 455. Accordingly, the Court denies Plaintiff relief from judgment under Rule 60(b)(3).

### D. Rule 60(b)(6)

Rule 60(b)(6) is a catchall provision that permits a district court to grant relief from judgment for "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(6). However, this subsection "applies only in exceptional or extraordinary circumstances which are not addressed by the first five numbered clauses of the Rule." *Jones*, 46 F.4th at 482 (quoting *Ford Motor Co.*, 487 F.3d at 468). As a result, "[r]elief under [60(b)(6)] is limited to 'unusual and extreme situations where principles of equity *mandate* relief.'" *Id.* (emphasis in original). "A claim of strictly legal error falls in the category of 'mistake' under Rule 60(b)(1) and thus is not cognizable under 60(b)(6) absent exceptional circumstances." *Hopper v. Euclid Manor Nursing Home, Inc.*, 867 F.2d 291, 294 (6th Cir. 1989) (citation omitted). Moreover, "[a] Rule 60(b) motion is neither a substitute for, nor a supplement to, an appeal[,]" and "[f]or this reason, arguments that . . . should have been[ ] presented on appeal are generally unreviewable on a Rule 60(b)(6) motion." *GenCorp, Inc. v. Olin Corp.*, 477 F.3d 368, 373 (6th Cir. 2007) (citations omitted).

In her motion, Plaintiff fails to articulate any exceptional or extraordinary circumstances that are not addressed under Rule 60(b)(1), (2), or (3). Nor does Plaintiff offer any explanation for her failure to timely challenge the Court's alleged legal errors on appeal. Accordingly, the Court denies Plaintiff relief from judgment under Rule 60(b)(6).

## IV. Conclusion

For the reasons set forth above, the Court DENIES Plaintiff's motion for relief from judgment. (ECF No. 57.)

IT IS SO ORDERED.

Dated: March 1, 2024       s/Judith E. Levy
Ann Arbor, Michigan      JUDITH E. LEVY
     United States District Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or first-class U.S. mail addresses disclosed on the Notice of Electronic Filing on March 1, 2024.

     s/William Barkholz
     WILLIAM BARKHOLZ
     Case Manager